NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

LSI CORPORATION AND AGERE SYSTEMS INC.,
*Appellants,*

v.

INTERNATIONAL TRADE COMMISSION,
*Appellee,*

AND

TOWER SEMICONDUCTOR, LTD.
AND JAZZ SEMICONDUCTOR,
*Intervenors,*

AND

NANYA TECHNOLOGY CORPORATION,
POWERCHIP TECHNOLOGY CORPORATION,
AND SPANSION, INC.,
*Intervenors,*

AND

INTEGRATED DEVICE TECHNOLOGY, INC.
AND GRACE SEMICONDUCTOR MANUFACTURING
CORPORATION,
*Intervenors.*

---

2010-1352

---

On appeal from the United States International Trade Commission in Investigation No. 337-TA-648.

---

## ON MOTION

---

Before GAJARSA, SCHALL, and MOORE, *Circuit Judges*.

SCHALL, *Circuit Judge*.

### ORDER

The International Trade Commission moves to dismiss this appeal as moot. LSI Corporation et al. (LSI) respond and request that the court vacate the Commission's final determination. Nanya Technology Corporation et al. and Integrated Device Technology, Inc. et al. (Nanya) reply.

The Commission found no violation of 19 U.S.C. § 1337 based on its finding that the asserted claims of United States Patent No. 5,227,335 (the '335 patent) were invalid. The Commission states that the '335 patent expired on July 13, 2010 and thus the appeal is moot.

LSI agrees that the appeal is moot and does not oppose dismissal of the appeal. However, LSI requests that the court vacate the Commission's final determination as it did in similar circumstances in *Texas Instruments, Inc. v. U.S. Int'l Trade Comm'n*, 851 F.2d 342, 344 (Fed. Cir. 1987). Nanya asserts that vacatur is not warranted because Commission determinations do not generally have preclusive effects and that in this case LSI simply wishes to set aside an adverse decision. Nanya asserts that LSI waited two months to file its appeal and thus the case became moot due to LSI's actions, not happenstance.

The court agrees that this case is moot. Further, the court determines that the case became moot by happenstance. LSI timely filed its appeal. Moreover, even if LSI had filed its appeal immediately after the Commission issued its final determination, the patent would have expired before the case could be fully briefed, scheduled on an argument calendar, and decided.

Because this appeal became moot through happenstance, the determination whether to vacate the Commission's decision is guided by principles of equity. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) ("The reference to 'happenstance' in *Munsingwear* must be understood as an allusion to this equitable tradition of vacatur"). "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *Bancorp* at 25. In this case, the court determines that vacatur is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed as moot.

(2) The Commission's final determination is vacated and the case is remanded to the Commission. The Commission is directed to dismiss its investigation as moot.

FOR THE COURT

**NOV 1 5 2010**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Jonathan D. Link, Esq.
    Clint A. Gerdine, Esq.
    Keith L. Slenkovich, Esq.

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

**NOV 1 5 2010**

Gary A. Hecker, Esq.
Michael J. Bettinger, Esq.

s17