NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**PPG INDUSTRIES, INC.,**
*Appellant*

**v.**

**VALSPAR SOURCING, INC.,**
*Appellee*

———————————

2016-1406, 2016-1409

———————————

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 95/001,950, 95/001,951.

———————————

Decided: February 9, 2017

———————————

EDWARD ANTHONY FIGG, Rothwell, Figg, Ernst & Manbeck, P.C., Washington, DC, argued for appellant. Also represented by RACHEL ECHOLS.

MATTHEW A. SMITH, Turner Boyd LLP, Redwood City, CA, argued for appellee. Also represented by ESHA BANDYOPADHYAY, KAREN IRENE BOYD.

———————————

Before NEWMAN, CHEN, and STOLL, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

These consolidated appeals arise from final decisions by the Patent Trial and Appeal Board (PTAB) on *inter partes* reexaminations of two patents, in which there was no pending district court litigation at the time the reexaminations were initiated and decided. The reexamination requestor (PPG) appealed to this court in accordance with 35 U.S.C. §§ 141 and 315 (pre-AIA), and the prevailing party (the Patent Owner, Valspar) took the position that PPG had no standing to appeal the PTAB decisions because there was no Article III case or controversy. Valspar thereafter filed an infringement suit on related patents in the Minnesota District Court, but argues that Article III standing must exist at the time of filing the appeal of the PTAB decisions.

The panel requested additional briefing, and such briefing was duly received from both parties on November 15, 2016. With its brief, Valspar included a unilateral Covenant Not To Sue with respect to the two patents that are the subject of the PTAB decisions:

> [Valspar] covenant[s] not to sue PPG Industries, Inc. or any of its subsidiaries or customers (collectively, "PPG") for infringement of any claim of [U.S. Patent No. 7,592,047] or [U.S. Patent No. 8,092,876] as of the date of this Covenant Not To Sue based on PPG's manufacture, importation, use, sale and/or offer for sale of any currently existing products or use of methods and of prior existing products or prior use of methods.[1]

Letter from Appellee Valspar Sourcing, Inc., Ex. 5, Nov. 15, 2016, Dkt. 39. Valspar stated that it maintained its position that PPG does not have standing to appeal, but

---

[1]    Signed for Valspar Sourcing, Inc. and The Valspar Corporation.

that whatever our ruling on standing, PPG's appeal had become moot as a result of the Covenant Not To Sue. In view of the concurrent filings and the unilateral nature of the covenant, we requested and received additional briefing directed to the question of mootness and vacatur.

We conclude that PPG did have standing to file this appeal, but that the controversy as to the patented subject matter is mooted by the Covenant Not To Sue. Accordingly, we vacate the decisions of the Patent Trial and Appeal Board, and dismiss this appeal.

## I

### STANDING

The evidence presented by PPG demonstrates that it possessed more than a "general grievance concerning" these patents, sufficient to show "a particularized, concrete interest in the patentability" of the subject matter, as discussed in *Consumer Watchdog v. Wisconsin Alumni Research Foundation*, 753 F.3d 1258, 1263 (Fed. Cir. 2014). The evidence shows that: (1) by the time PPG filed its notice of appeal in this case, it had already launched a commercial can-interior coating for the beverage can industry;[2] and (2) PPG had received at least one inquiry from a customer suggesting that Valspar intended to pursue infringement litigation against PPG related to its can-interior coating.[3] At a minimum, this evidence establishes that PPG had a legitimate concern that its manufacture and sale of its can-interior coating would draw an infringement action by Valspar. PPG's concern proved warranted when Valspar subsequently filed an infringement action on related patents. *See Valspar Corp. v. PPG*

---

[2]    Letter from Appellant PPG Industries, Inc., Ex. B, ¶ 2, Nov. 15, 2016, Dkt. 40.

[3]    *Id.* at Ex. A, ¶¶ 2–3.

*Indus., Inc.*, No. 0:16-cv-01429 (D. Minn. filed May 23, 2016).

PPG's standing thus differs from the scenario we faced in *Consumer Watchdog*. Unlike Consumer Watchdog, PPG is and was "engaged in . . . activity involving [the patented subject matter] that could form the basis for an infringement claim," and has "other connection[s] to the [patents] or the claimed subject matter," *Consumer Watchdog*, 753 F.3d at 1261, sufficient to "have a particularized, concrete stake in the outcome of the reexamination," *id.* at 1262. This stake is enhanced by the "estoppel provisions contained within the inter partes reexamination statute." *Id.* This is sufficient to establish PPG's standing to appeal the Board's decision.

PPG also stresses the statutory appeal paths for judicial review of PTAB decisions. It is unlikely that the legislative intent was, by silence, to limit appeals from PTAB decisions to parties then in litigation in the district court. In any event, as we recognized in *Consumer Watchdog*, although the immediacy and redressability requirements for Article III standing can be relaxed when Congress accords a procedural right to a litigant—e.g., the right to appeal an administrative decision—the "requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Id. at 1261* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009)).

## II

### MOOTNESS

We conclude that Valspar's Covenant Not To Sue, although tardily and unilaterally provided, has mooted these proceedings on appeal. The Court has made clear that "[i]f a judgment has become moot, this Court may not consider its merits, but may make such disposition of the whole case as justice may require." *Walling v. James V.*

*Reuter, Inc.*, 321 U.S. 671, 677 (1944) (citing *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U.S. 466, 477–478 (1916); *Heitmuller v. Stokes*, 256 U.S. 359, 362–363 (1921); *Brownlow v. Schwartz*, 261 U.S. 216, 218 (1923)).  The breadth of Valspar's Covenant Not To Sue, absolving PPG (and its subsidiaries and customers) of any possible infringement of the subject matter of these patents, necessitates our conclusion that the case is moot.  *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 728–29 (2013) (affirming dismissal of case as moot where covenant not to sue left it "hard to imagine a scenario that would potentially infringe [Nike's trademark] and yet not fall under the Covenant" (alteration in original) (citation omitted)); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

It was Valspar's unilateral action as prevailing party that resulted in the mootness of these appeals.  "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.  The same is true when mootness results from unilateral action of the party who prevailed below." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) (footnote and citations omitted); *accord Hamburg-Amerikanische*, 239 U.S. at 478 ("[T]he ends of justice exact that the judgment below should not be permitted to stand when, without any fault of the [petitioner], there is no power to review it upon the merits.").  Under these circumstances, we conclude that vacatur would be "most consonant to justice."  *U.S. Bancorp*, 513 U.S. at 24 (quoting *Hamburg-Amerikanische*, 239 U.S. at 478).

CONCLUSION

The Final Decisions of the PTAB in Reexaminations Nos. 95/001,950 and 95/001,951 are **VACATED**, and appeals No. 16-1406 and 16-1409 are **DISMISSED**.

COSTS

Taxable costs in favor of PPG.