# United States Court of Appeals for the Federal Circuit

---

**ELON L. EBANKS,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1277

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3212, Judge Coral Wong Pietsch.

---

Decided: December 14, 2017

---

MARK RYAN LIPPMAN, The Veterans Law Group, La Jolla, CA, argued for claimant-appellant.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, MARTIN J. SENDEK, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————————

Before DYK, LINN, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

Elon Ebanks filed a claim for veterans benefits for service-connected posttraumatic stress disorder, hearing loss, tinnitus, and arthritis. His claim for an increased disability rating was denied by the Department of Veterans Affairs ("VA") Regional Office ("RO") on October 9, 2014, and on December 3 he sought review by the Board of Veterans Appeals ("Board"). Mr. Ebanks simultaneously requested a videoconference hearing before the Board pursuant to 38 U.S.C. § 7107. This statute entitles a veteran appealing to the Board "an opportunity for a hearing" before the Board may decide the appeal. § 7107(b).

When by September 16, 2016, almost two years later, the Board had not scheduled Mr. Ebanks for a hearing, he sought a writ of mandamus from the Court of Appeals for Veterans Claims, claiming unreasonable delay and seeking to compel the Board to schedule a hearing. The Court of Appeals for Veterans Claims denied relief, and Mr. Ebanks appealed to this court. While his appeal was pending before this court, the Board held the requested hearing on October 11, 2017—nearly three years after his initial request.

The delay experienced by Mr. Ebanks is typical. At oral argument, the government conceded that the average delay just to schedule a hearing is three years. The consequence is that veterans routinely suffer substantial delays in receiving hearings to which they are entitled.

The government now claims that this appeal is moot because Mr. Ebanks has received his hearing. Mr. Ebanks asserts that the case is not moot because it falls

within the exception to mootness for cases that are capable of repetition yet evading review. That doctrine "applies 'only in exceptional situations,' where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (alterations in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

We ordered supplemental briefing on this issue. In that supplemental briefing, Mr. Ebanks asserted that even if he prevailed before the Board, the relief awarded is typically a remand to the RO, and his claim will require further adjudication by the RO to determine whether increased benefits should be awarded and the effective date of his rating. Moreover, he asserts his expectation that he will appeal the RO's further determination to the Board, again request a hearing, and again be subjected to unreasonable delay. The government disagrees that Mr. Ebanks can reasonably expect to again be subject to the same action.

If the Board denies Mr. Ebanks relief, and if he appeals to the Court of Appeals for Veterans Claims, *and* if Mr. Ebanks prevails on that appeal, he may be entitled to a new hearing on remand to the Board. But any Board hearings on remand are subject to expedited treatment under 38 U.S.C. § 7112.

If the Board grants Mr. Ebanks relief and remands to the RO, *and* if Mr. Ebanks disagrees with the RO's entitlement or effective-date determination and again appeals to the Board, he may also be entitled to a new hearing. But as the government points out, Congress has recently overhauled the review process for RO decisions. *See* Veterans Appeals Improvement and Modernization Act of

2017 ("VAIMA"), Pub. L. No. 115-55, 131 Stat. 1105 (codified in scattered sections of 38 U.S.C.). As relevant here, veterans who disagree with an RO decision may now elect to pursue one of three tracks for further review, including higher-level review at the RO, filing a supplemental claim, and appealing to the Board. *See id.* sec. 2(h)(1), § 5104C(a)(1), 131 Stat. at 1108. Appeals to the Board will now be divided into at least two dockets, separating out those claims in which the veteran has requested a hearing. *See id.* sec. 2(t), § 7107(a), 131 Stat. at 1112-13. Any future appeal to the Board by Mr. Ebanks may well be subjected to this new regime. *See id.* sec. 2(x)(1), 131 Stat. at 1115 (setting an effective date at the later of February 14, 2019, and 30 days after VA's certification of readiness to carry out VAIMA); *id.* sec. 2(x)(5), 131 Stat. at 1115 (providing veterans the option of pursuing legacy claims under new system). And at this point Mr. Ebanks has not established that future Board proceedings will be subject to the same delays as is presently the case.

Given these many contingencies, Mr. Ebanks has not shown a sufficiently reasonable expectation that he will again be subjected to the same action. The possibility that Mr. Ebanks will seek a future hearing at the Board or, if he does, that a hearing will be delayed depends upon a chain of hypothesized actions—by the Board, the RO, the courts, and Mr. Ebanks himself—that on this record are too attenuated and speculative to trigger the exception to mootness. *See, e.g.*, *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam) (rejecting application of exception to mootness in light of "mere physical or theoretical possibility" of recurrence); *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088 (D.C. Cir. 2017) (quoting *id.*) (same given only "a 'theoretical possibility' that th[e] chain of events might occur").

Even if this case were not moot, we question the appropriateness of granting individual relief to veterans who claim unreasonable delays in VA's first-come-first-served queue. Granting a mandamus petition in such circumstances may result in no more than line-jumping without resolving the underlying problem of overall delay. *See, e.g.*, *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991) (rejecting mandamus petition to advance an FDA application because "a judicial order putting [petitioner] at the head of the queue simply moves all others back one space and produces no net gain").

Under these circumstances, the issue seems best addressed in the class-action context, where the court could consider class-wide relief. *See* Stephen C. Robin, *Healing Medicare*, 95 N.C. L. Rev. 1293, 1303 (2017) (citing *Barr*, 930 F.2d at 74; *Air Line Pilots Ass'n, Int'l v. Civil Aeronautics Bd.*, 750 F.2d 81 (D.C. Cir. 1984)) (suggesting a preference for suits brought on behalf of a class or association, where the court can "shift[] its focus from one claimant to the whole system" and "simply address[] the unreasonable delays felt by all of the potential parties with claims under the Act in question"). We have recently approved the use of collective actions in the Court of Appeals for Veterans Claims in a case concerning delays at another stage of the VA claims process. *Monk v. Shulkin*, 855 F.3d 1312, 1318-22 (Fed. Cir. 2017).

*   *   *

Our decision in this case should not be understood as condoning the extraordinary delays experienced by Mr. Ebanks and so many other veterans seeking the Board hearings to which they are statutorily entitled. As it stands, it appears that veterans desiring a Board hearing must endure at least a three-year delay in the processing of their claims. And as the government acknowledged at oral argument, the reforms recently enacted by Congress,

while possibly mitigating delays for future cases, do not appear directly to address the present backlogs and delays at the Board level.

However, the particular dispute between these parties is now moot, and we lack jurisdiction over this appeal, which must be dismissed. Because the mooting of this case denied Mr. Ebanks the opportunity for appellate review, the judgment of the Court of Appeals for Veterans Claims is vacated, and the case is remanded to that court with the instruction to dismiss the petition as moot. *See Camreta v. Greene*, 563 U.S. 692, 712-14, 712 n.10 (2011) (citing *United States v. Munsingwear*, 340 U.S. 36, 39-41 (1950)).

**VACATED AND REMANDED**

COSTS

No costs.