NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VALSPAR SOURCING, INC.,**
*Appellant*

**v.**

**PPG INDUSTRIES, INC.,**
*Appellee*

---

2018-1462, 2018-1463, 2018-2164, 2018-2165

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 95/001,950, 95/001,951.

---

Decided: September 9, 2019

---

ANDREW BALUCH, Smith Baluch LLP, Washington, DC, argued for appellant. Also represented by MATTHEW A. SMITH, Menlo Park, CA.

EDWARD ANTHONY FIGG, Rothwell, Figg, Ernst & Manbeck, PC, Washington, DC, argued for appellee. Also represented by BRETT ALAN POSTAL.

---

Before PROST, *Chief Judge*, NEWMAN and STOLL, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* STOLL, in which *Circuit Judge* NEWMAN joins, and in which *Chief Judge* PROST joins except as to part I of the Discussion section.

STOLL, *Circuit Judge.*

Valspar Sourcing, Inc. appeals the Patent Trial and Appeal Board's application of our mandate from a prior appeal, *PPG Industries, Inc. v. Valspar Sourcing, Inc.*, 679 F. App'x 1002 (Fed. Cir. 2017) ("*Valspar I*"). Because the Board misinterpreted our mandate, we vacate the Board's decisions and remand for the Director of the Patent Office and the Board to properly implement our mandate.

BACKGROUND

I

In March 2012, PPG Industries, Inc. requested inter partes reexamination of two patents owned by Valspar, U.S. Patent Nos. 7,592,047 and 8,092,876. In both the reexaminations, the examiner rejected all the original, amended, and new claims. Valspar appealed to the Board, which reversed all the examiner's rejections. PPG then appealed the Board's reversals to this court, and the parties briefed the merits.

During briefing in the original appeal, but before oral argument, Valspar separately sued PPG in the District of Minnesota for infringement of related patents.[1]

---

[1] Valspar originally filed in the District of Minnesota as Case No. 0:16-cv-01429-SRN-SER, but the case was later transferred to the Western District of Pennsylvania. After filing suit, Valspar was acquired by The Sherwin-Williams Company. The case continued as *Sherwin-Williams*

During oral argument in the original appeal, the panel raised the issue of standing. The panel specifically questioned whether PPG had standing when it initiated the appeal because PPG had not been sued by Valspar at that time. This court ordered the parties to submit supplemental briefing on the standing issue.

Valspar included with its opening letter brief a unilateral covenant not to sue PPG on the two challenged patents. Valspar explained that it had decided not to include the two challenged patents in the parallel district court litigation, and that the covenant was designed to simplify the issues for this court and "to keep the Minnesota litigation moving forward." J.A. 4143.

The parties each submitted responsive letter briefs. PPG argued that Supreme Court precedent—including *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), and its progeny—required this court to vacate the Board's decisions if it determined that the appeal was mooted by the covenant. Valspar agreed that vacatur was an option, but it argued that this court could not vacate the Board's decisions unless it determined PPG had standing to appeal in the first instance.

In February 2017, this court issued an opinion addressing the standing issue without reaching the merits. *Valspar I*, 679 F. App'x at 1004–06. We held that PPG had standing at the time it filed its notice of appeal, but Valspar had subsequently mooted the appeal by "tardily and unilaterally" granting the covenant not to sue. *Id.* at 1004–05. Based on the circumstances, we determined that "vacatur would be 'most consonant to justice.'" *Id.* at 1006 (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S.

---

*Co. v. PPG Industries, Inc.*, No. 2:17-cv-01023-JFC (W.D. Pa.).

18, 24 (1994)).  The opinion concluded with a statement that

> The Final Decisions of the PTAB in Reexamina-
> tions Nos. 95/001,950 and 95/001,951 are
> VACATED, and appeals No. 16-1406 and 16-1409
> are DISMISSED.

*Id.*  The opinion did not expressly remand to the Board to take any further action, including dismissal of the underlying proceedings before the examiner.

## II

On receiving our opinion and mandate from *Valspar I*, the Board ordered the proceedings remanded to the examiner with instructions to issue reexamination certificates rejecting all the challenged claims.  Valspar petitioned the Chief Judge of the Board to revise the orders, arguing that the Board had misinterpreted our mandate.  Valspar argued that this court's dismissal and vacatur without remand effectively ended the case, and the only appropriate action for the Patent Office would be an administrative termination of the reexaminations without any action on the merits.

The Board rejected Valspar's arguments, holding that the applicable statute, regulations, and procedures required the challenged result.  The Board reasoned that our mandate from *Valspar I* vacated the Board's reversal of the examiner, but left the underlying office actions in place—i.e., the examiner's determinations that all the claims were invalid.  The Board further held that the applicable statute and procedures required the examiner to issue reexamination certificates because the appeal had terminated.  The Board reasoned that the issuance of a reexamination certificate is required by law and, because it is a ministerial act, would not constitute further prosecution on the merits.  The Board pointed out that if Valspar had any concerns or disagreement with our mandate, then it should have

requested rehearing from this court when the original opinion issued. Valspar appealed the Board's decisions to this court.[2]

## DISCUSSION

At the outset, we briefly address our jurisdiction to review the Board's decisions interpreting this court's mandate from *Valspar I*. The America Invents Act provides the Federal Circuit with jurisdiction over "any decision" of the Board with respect to inter partes reexaminations. *See* Leahy–Smith America Invents Act ("AIA"), Pub. L. 112–29 § 7(e), 125 Stat. 284, 315 (2011).[3] The Board's decisions are final decisions because they provide the Board's final determination of the scope of this court's mandate and make clear that "no[] further prosecution on the merits" will occur in the reexaminations. *See* J.A. 12, 26.

## I

We now turn to the merits. *Munsingwear* and its progeny set forth the proper protocol for dealing with cases that are mooted while on appeal. In *Munsingwear*, the Supreme Court recognized that "the duty of the appellate court" is to

---

[2]    After the Board issued its decisions on Valspar's petitions, Valspar filed requests for reconsideration. The Board dismissed Valspar's requests for lack of jurisdiction because Valspar filed the instant appeal while its requests for reconsideration were still pending before the Board. Nevertheless, the Board explained why it would have denied the requests for reconsideration if it had jurisdiction. The Board's rationale is essentially the same as that of the decisions that we review here, and for the same reasons described herein, we also vacate the Board's decisions on reconsideration.

[3]    In general, the AIA is codified in various parts of Title 35 of the U.S. Code. Section 7(e) of the AIA, however, is not codified; it is found on page 315 of 125 Stat.

"reverse or vacate the judgment below and remand with a direction to dismiss" when a civil case becomes moot while pending appellate review of the merits. 340 U.S. at 39–40 (first quoting *Duke Power Co. v. Greenwood Cty.*, 299 U.S. 259, 267 (1936)). According to the Court, this procedure "clears the path for future relitigation of the issues between the parties," *id.* at 40, and prevents "a judgment, unreviewable because of mootness, from spawning any legal consequences," *id.* at 41. Through this approach, "the rights of all parties are preserved" and "none is prejudiced by a decision which in the statutory scheme was only preliminary." *Id.* at 40.[4]

The Supreme Court later explained in *Bancorp* that the *Munsingwear* approach applies to situations where cases are mooted by happenstance, or, as particularly relevant here, by "the unilateral action of the party who prevailed in the lower court." *Bancorp*, 513 U.S. at 23. The Court emphasized that vacatur (as opposed to remand) is the operative action that "clears the path for future relitigation of the issues between the parties and eliminates a judgment." *Id.* at 22 (quoting *Munsingwear*, 340 U.S. at 40). The Court also underscored that, when a case is mooted on appeal, it "may make such disposition of the *whole case as justice may require*." *Id.* at 21–22 (emphasis added) (quoting *Walling v. James V. Reuter, Co.*, 321 U.S. 671, 677 (1944)). Indeed, the *Bancorp* Court relied on equitable principles when it declined to extend the *Munsingwear* approach to situations in which the parties had settled. *See id.* at 23–29. The Court reasoned that vacatur is an equitable remedy, and the losing party forfeits its entitlement

---

[4]     The Supreme Court later acknowledged this particular passage in *Munsingwear* as dictum, *Bancorp*, 513 U.S. at 23, but numerous opinions have since confirmed this approach and refined it further.

to equitable relief when it voluntarily surrenders its claim. *Id.* at 25–26.

The Supreme Court has confirmed that the *Munsingwear* approach also applies to unreviewed administrative orders. *See A. L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 329 (1961). In *Mechling*, the appellants acknowledged that changed circumstances had rendered the challenged administrative order devoid of any practical effect. *Id.* at 328. But the appellants remained concerned that the order, if not vacated, would have a collateral effect on subsequent litigation. *Id.* at 328–29. The Court agreed and modified the district court's dismissal to include a remand to the agency with instructions to vacate the challenged administrative order. *Id.* at 331. In doing so, the Court reiterated its view that "a party should not be concluded in subsequent litigation by a District Court's resolution of issues, when appellate review of the judgment incorporating that resolution, otherwise available as of right, fails because of intervening mootness." *Id.* at 329 (citing *Munsingwear*, 340 U.S. at 36).

The Supreme Court has since repeatedly vacated decisions of appellate courts and given instructions for vacatur of the underlying administrative action. *See, e.g., NTA Graphics, Inc. v. NLRB*, 511 U.S. 1124, 1124 (1994) (vacating the appellate court's judgment and remanding "with instructions to remand the case to the [agency] to vacate the Board's order"); *Bd. of Governors of the Fed. Reserve Sys. v. Sec. Bancorp*, 454 U.S. 1118, 1118 (1981) (vacating the appellate court's judgment and remanding "with instructions to remand the case to the [agency] to vacate the administrative decision"). The Court recently applied *Munsingwear* to vacate this court's judgment and remand a mooted Covered Business Method review to the Patent Trial and Appeal Board for vacatur of the Board's order. *PNC Bank Nat. Ass'n v. Secure Axcess, LLC*, 138 S. Ct. 1982, 1982 (2018). This court has also repeatedly relied on *Munsingwear* to vacate agency actions. *See, e.g., Ebanks v.*

*Shulkin*, 877 F.3d 1037, 1040 (Fed. Cir. 2017); *LSI Corp. v. Int'l Trade Comm'n*, 401 F. App'x 545, 546–47 (Fed. Cir. 2010); *DiOrio v. Nicholson*, 216 F. App'x 974, 975 (Fed. Cir. 2007); *Lerman v. Nicholson*, 125 F. App'x 997, 997 (Fed. Cir. 2005).

Thus, *Munsingwear* and its progeny instruct us to prevent appellants from being forced to acquiesce in a judgment that they can no longer challenge on the merits. They further instruct us to protect all parties from the collateral effects of a case that is mooted before an appellate determination on the merits. Accordingly, our duty is to use our vacatur powers to dispose of the *whole case*, wiping the slate clean for future relitigation of the issues without prejudice to either party.

PPG would have us go further, leaving in place certain adverse determinations from the proceedings below because Valspar "should suffer the consequences" of its choice to unilaterally moot the original appeal. Oral Arg. at 37:18–41, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2018-1462.mp3. In support of its view, PPG points to *Walling*, a pre-*Munsingwear* case in which the Supreme Court vacated an appellate reversal but left the district court's injunction in place. 321 U.S. at 671. *Walling* is inapposite because there the Court expressly held that the case was *not* moot. *See id.* at 673–74. Although the Court could no longer rule on the merits because the sole respondent corporation had been unilaterally dissolved, the Court explained that the challenged injunction remained enforceable against other individuals not presently before the Court. *Id.* at 674–76. For the reasons set forth above, *Munsingwear* and its progeny do not require the result that PPG seeks. Nor did our opinion and mandate in *Valspar I* order such a result.

## II

The Board misinterpreted our opinion and mandate from *Valspar I*. "Upon its determination the [Federal

Circuit] shall issue to the Director its mandate and opinion, which shall be entered of record in the Patent and Trademark Office and *shall govern the further proceedings in the case*." 35 U.S.C. § 144 (emphasis added). "[B]oth the letter and the spirit" must be considered in interpreting the scope of our mandate. *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999) (citing *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979)). "[T]he opinion delivered by this court at the time of rendering its decree may be consulted to ascertain what was intended by its mandate." *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 952 (Fed. Cir. 1997) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895)). "Unless remanded by this court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication." *Engel*, 166 F.3d at 1383. We review de novo the Board's interpretation of our mandate. *Laitram*, 115 F.3d at 950–51.

In these circumstances, the Board's reinstatement of the examiner's rejections and effective cancelation of the challenged claims stands contrary to the very purpose of ordering vacatur following mootness on appeal. *See Munsingwear*, 340 U.S. at 39–41 (endorsing procedure that "clears the path for future relitigation of the issues between the parties"). Vacatur is an equitable remedy. *Bancorp*, 513 U.S. at 25. The Board's interpretation of our mandate produced an inequitable result. The ordered vacatur was designed to protect the challenger from being forced to acquiesce to an unreviewable adverse ruling by the Board. But by effectively canceling all the challenged claims, the Board's approach unfairly converted the vacatur shield into a sword for the challenger. That is an inequitable result—especially here, where the Board previously determined that the challenged claims are not invalid.

Had we intended such an incongruous result, we would have made that intent explicit in our opinion. The Board should have interpreted the scope of the vacatur based on

the context provided by this court's opinion. *See Laitram*, 115 F.3d at 952 (consulting opinion to ascertain intended effect of mandate). Our opinion did not meaningfully distinguish between the Board's decisions and the examiner's decisions. Neither party asked this court for the relief the Board understood this court to have granted. Furthermore, the cases cited in this court's opinion and by the parties stand for the proposition of vacating the whole case below, not a piecemeal approach. *See, e.g.*, *Bancorp*, 513 U.S. at 21. With this context, it was clear that this court's intent was to nullify the entire inter partes reexamination without any collateral effect on other litigation. *See Munsingwear*, 340 U.S. at 41 (endorsing procedure that prevents "a judgment, unreviewable because of mootness, from spawning any legal consequences").

PPG argues that had we intended to vacate the entire Patent Office proceeding, we would have had to "vacate the judgment below and remand with a direction to dismiss," as the Supreme Court stated in *Munsingwear*. *See id*. at 39. We do not agree. *See Bancorp*, 513 U.S. at 22 ("[V]acatur 'clears the path for future relitigation of the issues between the parties and eliminates a judgment.'" (emphasis added) (quoting *Munsingwear*, 340 U.S. at 40)); *Laitram*, 115 F.3d at 951 ("[W]hile this court *could* have remanded with explicit instructions . . . the failure to do so is not dispositive."). Other appellate courts have used similar language to ours to dispose of the entire proceeding without remand. *See, e.g.*, *Sands v. NLRB*, 825 F.3d 778, 781, 786 (D.C. Cir. 2016) (dismissing the petition for review as moot and vacating the agency's order without remand to address underlying ALJ determination); *Beethoven.com LLC v. Librarian of Cong.*, 394 F.3d 939, 941–42, 954 (D.C. Cir. 2005) (vacating "the Librarian's determination of the effective date for payment as moot," without remand to address underlying panel proceedings); *Hollister Ranch Owners' Ass'n v. FERC*, 759 F.2d 898, 899–900, 903 (D.C. Cir. 1985)

(vacating agency order as moot without remand to address underlying ALJ determination).

In any event, for the reasons above, the Patent Office erred in its application of our mandate. We vacated but did not remand for any further adjudication by the Patent Office. *See Engel*, 166 F.3d at 1383 (holding that issues within the scope of appeal but not remanded are precluded from further adjudication). To the extent the Patent Office interprets our mandate to require further action, such action should be limited to concluding the reexaminations by vacating the proceedings without any further adjudication, and without the issuance of any reexamination certificate. *See* Manual of Patent Examining Procedure § 2694(A) (9th ed. 2018) ("The prosecution of the [inter partes] reexamination proceeding may be brought to an end, and the proceeding itself concluded, by . . . vacating the examination proceeding. . . . (In these instances, no reexamination certificate is issued).").

## CONCLUSION

We have reviewed PPG's remaining arguments and find them unpersuasive. Accordingly, we vacate the Board's decisions and remand for the Director and the Board to properly implement our mandate in accordance with the principles set forth above.

## VACATED AND REMANDED

### COSTS

Costs to appellant.