NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DERREL L. THOMAS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1324

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2017, Senior Judge Mary J. Schoelen.

---

Decided: December 11, 2020

---

DERREL L. THOMAS, Brooksville, FL, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before WALLACH, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Derrel L. Thomas filed a petition for a writ of mandamus with the Court of Appeals for Veterans Claims (Veterans Court). Arguing that the Department of Veterans Affairs (VA) was being dilatory in deciding various claims for benefits he had filed, Mr. Thomas asked for an order directing the relevant VA authorities to issue decisions on the matters that were before them. The Veterans Court denied the petition, concluding that, at least by the time of the Veterans Court's decision, each matter at issue had in fact been decided by the VA authority before which it had been pending—thus mooting the mandamus request for relief. *See Thomas v. Wilkie*, No. 19-2017, 2019 WL 6121120 (Vet. App. Nov. 19, 2019). Mr. Thomas appeals. Because Mr. Thomas has raised no question that is within our limited jurisdiction, we dismiss his appeal.

I

Mr. Thomas served two tours of active duty with the United States Marine Corps—from April 1979 to April 1982 and from June 1982 to June 1984. Starting in 2001, he filed various claims for benefits with VA, which granted some of the requested benefits.

On June 28, 2001, Mr. Thomas filed a claim for benefits related to bilateral hearing loss, tinnitus, and vertigo. On September 26, 2005, and again on June 9, 2007, the relevant VA regional office denied the claim, and Mr. Thomas appealed to the Board of Veterans' Appeals. While the appeal was pending, the regional office on July 3, 2008, granted Mr. Thomas benefits for bilateral hearing loss (20% disabled) and for tinnitus (10% disabled), with an effective date of November 19, 2004, but it did not change its

ruling about vertigo. On May 26, 2010, the Board denied the appeal still before it.

Well before that denial, Mr. Thomas filed, on July 18, 2008, a separate claim for benefits related to, among others, depression and Meniere's disease, a disorder of the inner ear similar to vertigo affecting balance and hearing. Ultimately, on March 17, 2014, the Board granted Mr. Thomas's claim for benefits relating to Meniere's disease and vertigo, to which the regional office, on May 10, 2014, assigned a 30% disability rating, with an effective date of November 19, 2004, the same as for the benefits based on bilateral hearing loss and tinnitus. In 2017, the regional office granted Mr. Thomas an earlier effective date—June 28, 2001, the date of his original informal claim—for each of his claims, based on bilateral hearing loss, tinnitus, Meniere's disease, and vertigo.

On January 18, 2018, the Board remanded Mr. Thomas's claim based on Meniere's disease to the regional office for that office to determine whether Mr. Thomas was entitled to a higher disability rating (than the 30% rating already awarded) under a diagnostic code that considered Meniere's disease coupled with cerebellar gait (a staggering, uncoordinated or wide-based gait indicative of cerebral lesions). The Board explained that it "regret[ted] the additional delay" occasioned by the need for additional examination of any symptoms of cerebellar gait, and it requested expedited handling of Mr. Thomas's case under 38 C.F.R. § 20.900(c) (2003).

Mr. Thomas received a supplemental examination two months later, on March 20, 2018 (the March 2018 exam). The regional office issued a supplemental rating decision on September 12, 2018, finding that Mr. Thomas was entitled to an increased 100% rating for Meniere's disease under the new diagnostic code, with an effective date of the March 2018 exam, when it was documented that his conditions met the requirements of the diagnostic code. Mr.

Thomas returned to the Board, contending that he was entitled to an earlier effective date for his 100% rating, but the Board rejected that contention on November 2, 2018. Mr. Thomas's appeal of that Board decision resulted in a joint motion for partial remand. *Thomas*, 2019 WL 6121120, at *1 n.1.

On February 26, 2019, the original regional office found clear and unmistakable error in having separately considered bilateral hearing loss and tinnitus, on one hand, and Meniere's disease, on the other. It therefore discontinued the separate consideration, leaving Mr. Thomas with a 100% disability rating effective March 18, 2018. The Secretary has asserted that Mr. Thomas did not appeal that decision to the Board, and Mr. Thomas appears to dispute that assertion.

Mr. Thomas did not seek only disability benefits. He separately filed a claim for benefits for special home adaptation and specially adapted housing in August 2018. The regional office denied the claim on October 31, 2018. Mr. Thomas filed a Notice of Disagreement on November 15, 2018. On January 15, 2019, VA assigned Mr. Thomas's Notice of Disagreement to a new regional office to issue a Statement of the Case, which is the next step in the process for appealing to the Board.

On March 21, 2019, just two months after the transfer of his case, Mr. Thomas filed with the Veterans Court the mandamus petition that gave rise to the present appeal.[1]

---

[1]    Mr. Thomas filed at least three other, nearly identical petitions for writs of mandamus within a one-year period. *See Thomas v. Wilkie*, No. 20-4445, 2020 WL 4355638 (Vet. App. July 30, 2020); *Thomas v. Wilkie*, No. 19-6414, 2019 WL 6461825 (Vet. App. Dec. 2, 2019); *Thomas v. Wilkie*, No. 19-2749, 2019 WL 3210103 (Vet. App. July 17, 2019), *aff'd*, 816 F. App'x 450 (Fed. Cir. 2020).

The Veterans Court, in response to the petition, issued an order on April 4, 2019, directing the Secretary to provide "copies of any regional office [or Board] decisions that are relevant to [Mr. Thomas's] claims." *Thomas*, 2019 WL 6121120, at *1. The Secretary did so, and asserted that Mr. Thomas's claims were properly adjudicated by the regional office and were "either awaiting further review or have not been appealed." *Id.* (internal quotation marks omitted). Crediting the Secretary's representations, the Veterans Court explained that it was "satisfied that [Mr. Thomas's] claims are being adjudicated at the Agency level, the relief sought has been granted and his petition . . . is moot" and dismissed Mr. Thomas's petition on November 19, 2019. *Id.*

Mr. Thomas timely appealed.

## II

Our jurisdiction in appeals from the Veterans Court under 38 U.S.C. § 7292 is limited. One limit is the constitutional rule that we may not decide a case that does not involve a live dispute. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." (citations and internal quotation marks omitted)). Other limits are statutory. *See Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Except where a constitutional claim is raised, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). This court does have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." *Id.* § 7292(d)(1). Those limits apply to an appeal under § 7292 of a Veterans Court decision on a petition for a writ of mandamus; in particular, we may not review a Veterans Court decision whether to grant a mandamus petition asserting a statutory claim unless a "non-frivolous legal

question" is properly presented. *Beasley v. Shinseki*, 709 F.3d 1154, 1157–58 (Fed. Cir. 2013). *See Thomas v. Wilkie*, 816 F. App'x 450, 453–54 (Fed. Cir. 2020) (applying both mootness and legal-question principles to dismiss appeal).

In this case, Mr. Thomas's petition for a writ of mandamus, fairly construed, was a request that the VA act on his claims in a timely fashion. The Veterans Court concluded that there was no live dispute before it because Mr. Thomas's mandamus petition sought relief in the form of a directive to the VA to act on his claims and "the relief sought has been granted." *Thomas*, 2019 WL 6121120, at \*1. That ruling, made in the mandamus context, invokes the general principle that an appeal should "be dismissed as moot when . . . a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)); *see also*, *e.g.*, *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020); *Ebanks v. Shulkin*, 877 F.3d 1037, 1039–40 (Fed. Cir. 2017); *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017).

We need not and do not decide whether the characterization of the dispute as "moot" is correct. According to the Veterans Court's description, this case does not involve the usual pattern of mootness—in which a case that was live when filed is no longer a live one because of a post-filing change in relevant circumstances. Here, what the Veterans Court determined Mr. Thomas was seeking but already had received (*i.e.*, VA action on his claims) was something he already had received even before the mandamus petition was filed.[2]    Moreover, although the mandamus

---

[2]    This is not a case of VA action taken after the filing of a mandamus petition to moot an issue of unreasonable delay raised in that petition. *See Monk*, 855 F.3d at 1321 (discussing that situation). Nor is there a showing here of the applicability of mootness exceptions for "voluntary

petition is hardly clear, it is possible that the mandamus petition was effectively seeking even faster VA action than he already had received or would receive without judicial intervention. For those reasons, whether dismissal for "mootness" was correct raises some questions.

But we need not address those questions—or the related question whether the dispute is a live one in this court. Mr. Thomas has identified no concrete difference between a dismissal and a denial of the mandamus petition in this case; he would be in exactly the same position regardless. And under 38 U.S.C. § 7292, we lack statutory jurisdiction over his challenge to the Veterans Court ruling viewed as a denial, because he has raised no "non-frivolous legal question" about that ruling so viewed. *Beasley*, 709 F.3d at 1158.

In his mandamus petition, Mr. Thomas presented a statutory challenge, seeking to compel the VA to take action that had been withheld for an unreasonably long time. But he has presented no non-frivolous argument that the Veterans Court committed a legal error regarding such unreasonable delay under the standards of *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 76 (D.C. Cir. 1984) (*TRAC*), adopted by this court in *Martin v. O'Rourke*, 891 F.3d 1338 (Fed. Cir. 2018), for unreasonable-delay challenges. More precisely and narrowly, to secure the "extraordinary" relief of mandamus, Mr. Thomas had to show, at a minimum, that he had "a *clear* legal right to relief" under the *TRAC* standards. *Beasley*, 709 F.3d at

---

cessation of challenged conduct," *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (per curiam), or challenged conduct that is "capable of repetition, yet evading review," *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (internal quotation marks omitted).

1157. Mr. Thomas has no non-frivolous basis for asserting a legal error under that even more demanding standard.

Mr. Thomas cannot point to any ruling by the Veterans Court in this matter that contains a legal error regarding the unreasonable-delay issue. The Veterans Court did not address the merits of that issue. Nor has Mr. Thomas pointed to any basis on which we could find that a correct view of the law—under *TRAC* as applied in the mandamus setting—could have supported mandamus relief in this case. As to the disability claims based on Meniere's disease, vertigo, tinnitus, and bilateral hearing loss, Mr. Thomas received a decision from the regional office on February 26, 2019, and by March 21, 2019, when he filed his mandamus petition, there could have been no argument for unreasonable withholding of some further VA action.[3] As to Mr. Thomas's claims regarding specially adapted housing, Mr. Thomas filed his mandamus petition just four months after filing his Notice of Disagreement with the October 2018 denial, and the VA was in the midst of preparing the Statement of the Case that is the essential next step in proceeding to the Board for review of the denial. There is no non-frivolous basis for an argument of a clear legal right to faster processing. In these circumstances, we see no non-frivolous legal question regarding unreasonable delay that would give us jurisdiction under § 7292 to review the mandamus decision of the Veterans Court.

In this court, Mr. Thomas devotes much of his appeal to the merits of his claims, specifically seeking an earlier effective date for benefits, citing evidence that he alleges the Board ignored. Thomas Op. Br. 10–12. But none of those arguments identifies a legal issue that was presented to the Veterans Court, let alone resolved by that court.

---

[3]    The parties appear to dispute whether Mr. Thomas missed his opportunity for further review of that decision. We need not resolve that dispute.

Moreover, we lack jurisdiction to decide factual issues or the application of legal standards to the particular facts, unless there is a constitutional claim. 38 U.S.C. § 7292(d)(2). Here, there is no constitutional claim. Although Mr. Thomas states that he was denied due process, he provides no basis for that assertion apart from his merits challenges to the VA's particular determinations on his claims, so his due-process challenge is constitutional in name only and is not reviewable. *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) ("[T]he appellant's 'characterization of [the] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.'" (quoting *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999))).

We have considered Mr. Thomas's remaining arguments and find them not to raise any issue within our jurisdiction.

### III

We dismiss the appeal for lack of jurisdiction.

The parties shall each bear their own costs.

**DISMISSED**