# United States Court of Appeals for the Federal Circuit

_____

**CONSUMER WATCHDOG,**
**(formerly known as The Foundation for Taxpayer**
**and Consumer Rights),**
*Appellant,*

v.

**WISCONSIN ALUMNI RESEARCH FOUNDATION,**
*Appellee.*

_____

2013-1377

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Reexamination No. 95/000,154.

_____

Decided: June 4, 2014

_____

SABRINA Y. HASSAN, Public Patent Foundation Benjamin N. Cardozo School of Law, of New York, New York, argued for appellant. With her on the Brief was DANIEL B. RAVICHER.

KARA F. STOLL, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC, argued for appellee. With her on the brief were WILLIAM B. RAICH and SARAH E. CRAVEN.

MARK R. FREEMAN, Attorney, Appellate Staff, Civil Division, United States Department of Justice, of Washington, DC, argued for amicus curiae. With him on the brief were STUART F. DELERY, Assistant Attorney General and SCOTT R. MCINTOSH, Attorney. Of counsel on the brief were NATHAN K. KELLEY, Solicitor, and SCOTT C. WEIDENFELLER, Senior Counsel for Patent Law and Litigation, United States Patent and Trademark Office, of Alexandria, Virginia.

---

Before PROST,* *Chief Judge*, RADER,** and HUGHES, *Circuit Judges*.

RADER, *Circuit Judge*.

Consumer Watchdog appeals from the Patent Trial and Appeal Board's decision affirming the patentability of claims 1–4 of U.S. Patent No. 7,029,913 ('913 patent). Because Consumer Watchdog has not established an injury in fact sufficient to confer Article III standing, however, this court dismisses the appeal.

I.

Consumer Watchdog is a self-described "not-for-profit public charity dedicated to providing a voice for taxpayers and consumers in special interest-dominated public discourse, government and politics." Appellant's Br. 1. In 2006, Consumer Watchdog requested inter partes reexamination of the '913 patent, which is owned by Appellee Wisconsin Alumni Research Foundation (WARF). J.A. 106. The '913 patent is generally directed to human embryonic stem cell cultures. *E.g.*, '913 patent abst.

---

\*    Sharon Prost assumed the position of Chief Judge on May 31, 2014.

\*\*    Randall R. Rader vacated the position of Chief Judge on May 30, 2014.

Consumer Watchdog has not alleged any involvement in research or commercial activities involving human embryonic stem cells.  Nor has it alleged that it is an actual or prospective competitor of WARF or licensee of the '913 patent.  Instead, Consumer Watchdog simply alleges that WARF's "broad and aggressive assertion of the '913 patent has put a severe burden on taxpayer-funded research in the State of California where [Consumer Watchdog] is located."  Appellant's Br. 2.  Indeed, Consumer Watchdog states that it filed the reexamination request because it was concerned that the '913 patent allowed WARF to completely preempt all uses of human embryonic stem cells, particularly those for scientific and medical research.  *Id.*  Consumer Watchdog was ultimately unsuccessful in the reexamination, however, and filed the present appeal.

## II.

Federal courts do not have authority to entertain every dispute.  Relevant to this appeal, Article III only allows the federal courts to adjudicate "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1.  Ostensibly, these broad terms could cover a wide range of disputes.  Over the years, however, the federal courts have developed a variety of doctrines to clarify that Article III limits the federal courts' jurisdiction to those disputes seeking to "redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 492–93 (2009).  These doctrines—including standing, ripeness, and mootness—distinguish justiciable disputes from those that are not.  *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008).  Collectively, these doctrines represent a fundamental limitation on the authority of the federal courts.  *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013).

The present appeal concerns Article III standing. To meet the constitutional minimum for standing, the party seeking to invoke federal jurisdiction must satisfy three requirements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the party must show that it has suffered an "injury in fact" that is both concrete and particularized, and actual or imminent (as opposed to conjectural or hypothetical). *Id.* at 560–61. Second, it must show that the injury is fairly traceable to the challenged action. *Id.* at 560. Third, the party must show that it is likely, rather than merely speculative, that a favorable judicial decision will redress the injury. *Id.* at 561.

These constitutional requirements for standing apply on appeal, just as they do before district courts. *Hollingsworth*, 133 S. Ct. at 2661. Accordingly, these requirements apply with equal force to appeals from administrative agencies, such as the U.S. Patent and Trademark Office (PTO), to the federal courts. *See Sierra Club v. E.P.A.*, 292 F.3d 895, 899 (D.C. Cir. 2002). To be clear, although Article III standing is not necessarily a requirement to appear before an administrative agency, once a party seeks review in a federal court, "the constitutional requirement that it have standing kicks in." *Id.*

That said, where Congress has accorded a procedural right to a litigant, such as the right to appeal an administrative decision, certain requirements of standing—namely immediacy and redressability, as well as prudential aspects that are not part of Article III—may be relaxed. *See Massachusetts v. E.P.A.*, 549 U.S. 497, 517–18 (2007). However, the "requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers*, 555 U.S. at 497. That injury must be more than a general grievance, *Hollingsworth*, 133 S. Ct. at 2662, or abstract harm, *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

Indeed, "a disagreement, however sharp and acrimonious it may be" will not suffice for the injury in fact requirement. *Hollingsworth*, 133 S. Ct. at 2661 (internal quotations and citation omitted). Rather, the party invoking federal jurisdiction must have "a personal stake in the outcome." *Lyons*, 461 U.S. at 101. The personal stake in the outcome—and injury in fact—generally will be easier to show where the party seeking to invoke the federal courts' jurisdiction is the object of the complained of action (or inaction). *Lujan*, 504 U.S. at 561. By contrast, where a party is alleging an injury arising from the government's allegedly unlawful action or inaction pertaining to a third party, injury in fact is much more difficult to prove. *Id.* at 561–62.

## III.

With these principles in mind, this court turns to Consumer Watchdog's appeal. Consumer Watchdog does not identify any alleged injury aside from the Board denying Consumer Watchdog the particular outcome it desired in the reexamination, i.e., canceling the claims of the '913 patent. Appellant's Br. in Response to United States 3. Consumer Watchdog does not allege that it is engaged in any activity involving human embryonic stem cells that could form the basis for an infringement claim. It does not allege that it intends to engage in such activity. Nor does it allege that it is an actual or prospective licensee, or that it has any other connection to the '913 patent or the claimed subject matter. Instead, Consumer Watchdog relies on the Board's denial of Consumer Watchdog's requested administrative action—namely, the Board's refusal to cancel claims 1–4 of the '913 patent. That denial, however, is insufficient to confer standing.

To be sure, "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973) (citations

omitted). That principle, however, does not simply override the requirement of injury in fact. *Lujan*, 504 U.S. at 578. Here, the Board's disagreement with Consumer Watchdog did not invade any legal right conferred by the inter partes reexamination statute. The statute at issue here allowed any third party to request reexamination, and, where granted, allowed the third party to participate. 35 U.S.C. §§ 311(a), 314(b)(2) (2006). The statute did not guarantee a particular outcome favorable to the requester. *See generally* 35 U.S.C. §§ 311–318 (2006). Consequently, the Board's denial of Consumer Watchdog's request did not invade any legal right conferred upon Consumer Watchdog.

For this reason, Consumer Watchdog's analogy to the Freedom of Information Act (FOIA) and Federal Election Campaign Act (FECA) is unpersuasive. These acts created substantive legal rights—access to certain government records—the denial of which inflicts a concrete and particularized injury in fact. *See FEC v. Akins*, 524 U.S. 11, 21 (1998). Unlike the plaintiffs in the FOIA and FECA cases, Consumer Watchdog was not denied anything to which it was entitled. Consumer Watchdog was permitted to request reexamination and participate once the PTO granted its request. This is all the statute requires. *See generally* 35 U.S.C. §§ 311–318. Accordingly, unlike the FOIA and FECA cases, the PTO did not abridge any of Consumer Watchdog's rights. *See Lujan*, 504 U.S. at 562 ("[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish.") (quoting *Allen v. Wright*, 468 U.S. 737, 758 (1984)).

Nor is it enough that the inter partes reexamination statute allows a third party requester to appeal decisions favorable to patentability. 35 U.S.C. § 315(b). A statutory grant of a procedural right, e.g., right to appeal, does not eliminate the requirements of Article III. *See*

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014). To be clear, a statutory grant of a procedural right may relax the requirements of immediacy and redressability, and eliminate any prudential limitations, *Massachusetts*, 549 U.S. at 517–18, which distinguishes the present inquiry from that governing a declaratory judgment action. But the statutory grant of a procedural right does not eliminate the requirement that Consumer Watchdog have a particularized, concrete stake in the outcome of the reexamination. *Summers*, 555 U.S. at 496 ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right in *vacuo*—is insufficient to create Article III standing.").

The estoppel provisions contained within the inter partes reexamination statute likewise do not constitute an injury in fact for Article III purposes. 35 U.S.C. § 317(a), (b). Consumer Watchdog is not engaged in any activity that would give rise to a possible infringement suit. Nor does Consumer Watchdog provide any indication that it would file another request seeking to cancel claims at the Patent Office. In any event, as Consumer Watchdog only has a general grievance against the '913 patent, the "conjectural or hypothetical" nature of any injury flowing from the estoppel provisions is insufficient to confer standing upon Consumer Watchdog. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006); *Warth v. Seldin*, 422 U.S. 490, 509 (1975); *see also Sea-Land Serv., Inc. v. Dep't of Transp.*, 137 F.3d 640, 648 (D.C. Cir. 1998); *cf. also Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1323 (Fed. Cir. 2012) (holding various plaintiffs lacked standing in declaratory judgment action because alleged injuries were too speculative), *rev'd on other grounds sub nom. Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2114 (2013). The court, however, leaves it to future panels to decide whether, under other circum-

stances, the preclusive effect of the estoppel provisions could constitute an injury in fact.

In sum, aside from its procedural right to appeal, Consumer Watchdog has only alleged a general grievance concerning the '913 patent. It states that it is a nonprofit consumer rights organization that is concerned about the potential preemptive reach of the '913 patent and the alleged burden it places on taxpayer-funded research in the State of California. Appellant's Br. 1–2. While Consumer Watchdog is sharply opposed to the Board's decision and the existence of the '913 patent, that is not enough to make this dispute justiciable. *Lujan*, 504 U.S. at 577.

## IV.

Because Consumer Watchdog has not identified a particularized, concrete interest in the patentability of the '913 patent, or any injury in fact flowing from the Board's decision, it lacks standing to appeal the decision affirming the patentability of the amended claims. The court has considered Consumer Watchdog's remaining arguments to the contrary, but finds them unpersuasive. Accordingly, Consumer Watchdog's appeal is dismissed.

**DISMISSED**