Schall, Circuit Judge, dissenting.
My concern in this case is with the issue of standing. In my view, Altaire has failed to establish that it has standing to bring this appeal. I therefore would dismiss for lack of jurisdiction.
I.
Under Article III of the Constitution, in order for a court to have jurisdiction to decide a case, the case must present an actual "case or controversy." Hollingsworth v. Perry , 570 U.S. 693, 704, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013). Standing to sue is a necessary component of an Article III case or controversy. Id. In order to have standing, a plaintiff or, as in this case, an appellant "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the [appellee], and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins , --- U.S. ----, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). Altaire bears the burden of establishing that it has standing. See DaimlerChrysler Corp. v. Cuno , 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006).
As the majority opinion makes clear, the standing issue in this case turns on the injury-in-fact requirement. Under that requirement, an appellant must allege an injury "that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Spokeo , 136 S.Ct. at 1548 (internal quotation marks and citation omitted). For the reasons set forth below, I believe that Altaire has failed to demonstrate that it is threatened with imminent *1288 harm, the only type of harm asserted in this case. It thus has failed to show that it has suffered an injury in fact. It therefore lacks standing.
II.
The undisputed facts are these: In 2011, Altaire and Paragon entered into an agreement to pursue U.S. Food and Drug Administration ("FDA") approval for Altaire's phenylephrine hydrochloride products (the "Agreement"). By its terms, the Agreement terminates on May 30, 2021. See Joint Appendix ("J.A.") 1909. Subsequently, a dispute arose between the parties, which apparently led Altaire to file two lawsuits in federal court in the Eastern District of New York. In the first suit, Altaire Pharmaceuticals, Inc. v. Paragon BioTeck, Inc. , Case No. 2:15-cv-02416 (E.D.N.Y.) ("the breach of contract suit"), Altaire alleges that Paragon breached the Agreement by, among other things, disclosing Altaire's confidential and proprietary product information in its patent application and in its resulting U.S. Patent No. 8,859,623 ("the '623 patent"). See Complaint and Jury Demand at 7 (No. 2:15-cv-02416) (E.D.N.Y. April 28, 2015). Paragon has denied Altaire's allegations, has alleged that Altaire has materially breached the Agreement, and has counterclaimed for, among other things, a declaratory judgment giving it the right to terminate the Agreement prior to its 2021 termination date. Paragon BioTeck, Inc.'s Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint at 9, 22 (No. 2:15-cv-02416) (E.D.N.Y. Aug. 14, 2015).
In the second suit, Altaire Pharmaceuticals, Inc. v. Paragon BioTeck, Inc. , Case No. 1:17-cv-01837 (E.D.N.Y.) ("the inventorship suit"), Altaire alleges, among other things, that the '623 patent is invalid for failure to name the inventor, and it seeks correction of inventorship. Complaint and Jury Demand at 27, 29, 32, and 37 (No. 1:17-cv-01837) (E.D.N.Y. April 3, 2017). The inventorship suit is currently stayed pursuant to 35 U.S.C. § 325(a)(2).
III.
I start from the premise that the standing issue in this case turns entirely on the pending litigation in the Eastern District of New York. I say that because, although both Altaire and the majority point to the Agreement's 2021 termination date, Appellant's Br. 47-48, Majority Op. at 1282-83, I am unable to see how the fact that the Agreement is scheduled to terminate in 2021 supports standing at this point. Put most simply, what we have is a situation in which the parties to a contract that is due to terminate in approximately three years are in a dispute. At the same time, in view of the terms of the Agreement, Altaire cannot infringe the '623 patent while the Agreement is in effect. These circumstances, it seems to me, come nowhere near providing Altaire with grounds for claiming that it is subject to imminent harm. Timing is important for a showing of imminence, or immediacy. The longer the time between when suit is initiated and when potential infringement may occur, "the more likely the case lacks the requisite immediacy." Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc. , 363 F.3d 1361, 1379 (Fed. Cir. 2004). See Lang v. Pacific Marine and Supply Co., Ltd. , 895 F.2d 761, 764-65 (Fed. Cir. 1990) (insufficient evidence of standing to seek a declaratory judgment of patent infringement where "[t]he accused infringing ship's hull would not be finished until at least nine months after the complaint was filed").
*1289 Thus, in my view, the fact that the Agreement terminates in 2021 cannot support standing.
IV.
I turn now to the breach of contract suit.* In that regard, the majority rests its conclusion that Altaire has demonstrated imminent harm upon three considerations. The first consideration is the fact that, in the breach of contract suit, Paragon is seeking a declaratory judgment that it has the right to terminate the Agreement prior to its 2021 termination date. Majority Op. at 1282-83. The second consideration consists of statements made by Michael Sawaya, Altaire's general counsel, in paragraph 22 of his February 24, 2017 declaration submitted in support of Altaire's opposition to Paragon's motion to dismiss. Id. at 1281-82. There, Mr. Sawaya states that "Altaire believes that Paragon will inevitably sue Altaire for patent infringement upon Altaire filing an [Abbreviated New Drug Application ("ANDA") ] with the FDA." Altaire's Opp'n to Paragon's Mot. to Dismiss at Ex. 1, ECF No. 25 at ¶ 22. Continuing, Mr. Sawaya states that "Altaire therefore believes that invalidating the '623 patent in the post-grant review proceeding that is the subject of this appeal is imperative to removing that patent as an object to the filing and approval of Altaire's ANDA for its proprietary product which was misappropriated in the '623 patent by Paragon." Id. And third, the majority notes that, when questioned at oral argument, counsel for Paragon declined to stipulate that Paragon will not sue Altaire for infringement of the '623 patent. Majority Op. at 1282-83. The majority recognizes that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Id. (quoting Texas v. United States , 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) ) (internal quotation marks and citation omitted). However, it concludes that, under the circumstances of this case, as outlined above, "Altaire's injury is inevitable." Id . at 1283.
V.
I am unable to agree with the majority that Altaire has demonstrated imminent harm. First, leaving aside the possibility of a settlement, one of two things will happen in the breach of contract suit. Either Altaire will prevail; or Paragon will prevail, in which case Paragon perhaps will be given the right to terminate the Agreement. At this point, though, we do not know what will happen. Moreover, should Altaire prevail in the suit, the possibility that Paragon will be given the right to terminate the Agreement before 2021-which is a critical linchpin of Altaire's claim of imminent harm-will have been eliminated. It seems to me that, by any standard, we presently are in a situation where a determination of imminent harm is speculative. See First Data Corp. v. Inselberg , 870 F.3d 1367, 1375 (Fed. Cir. 2017). In that case, First Data sought, among other things, a declaratory judgment of noninfringement. Citing Texas v. United States , we stated that a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated or may not occur at all, 870 F.3d at 1375 (citations omitted). We then *1290 concluded that because the parties against whom First Data and its co-plaintiff had brought the declaratory judgment action did not currently have an ownership interest in the patents at issue, any potential infringement claim relied on the "contingent future event" of recovering title to the patents at issue. That, in turn required a court to invalidate an assignment agreement, and only if that case were successful could the patent claims no longer be contingent on a future event that "may not occur at all." Id. See also Sandoz Inc. v. Amgen Inc. , 773 F.3d 1274, 1280-81 (Fed. Cir. 2014) (no standing where Sandoz did not demonstrate that certain future possibilities for changing or eliminating the patent dispute were so unlikely to arise that they should not play a significant role in the Article III determination; the events exposing Sandoz to infringement liability "may not occur as anticipated, or indeed may not occur at all") (quoting Texas v. United States , 523 U.S. at 300, 118 S.Ct. 1257 ).
I also do not believe that Altaire is helped by Mr. Sawaya's declaration. As noted, the primary concern expressed by Mr. Sawaya is the threat of a patent infringement suit by Paragon in the event Altaire files an ANDA with the FDA, should the Agreement be terminated. Mr. Sawaya's belief is based upon the contingency of the Agreement being terminated-either in three years, or upon Paragon's prevailing on its declaratory judgment claim in the breach of contract suit. Either way, for the reasons discussed above relating to the scheduled, or possible, termination of the Agreement, I do not believe Mr. Sawaya's belief can support a claim of imminent harm.
It is true that where Congress has accorded a litigant the right to appeal an administrative decision, the requirement of immediacy, or imminence, for standing may be relaxed. Consumer Watchdog v. Wis. Alumni Research Found., 753 F.3d 1258, 1261 (Fed. Cir. 2014) (citing Massachusetts v. E.P.A. , 549 U.S. 497, 517-18, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007) ). However, "[a]lthough imminence is concededly a some-what elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes." Defs. of Wildlife , 504 U.S. at 565, n. 2, 112 S.Ct. 2130. I believe that finding imminent harm in the circumstances of this case would stretch immediacy-even a relaxed concept of immediacy-beyond its breaking point.
Finally, I discount, as a factor in the equation, the refusal of counsel for Paragon to stipulate at oral argument that Paragon will not sue Altaire for patent infringement. Quite simply, in view of the contentions of the parties and the posture of the litigation in the Eastern District of New York, I do not see how counsel could have agreed to such a stipulation.
For the foregoing reasons, I conclude that Altaire has failed to demonstrate a threat of imminent harm and, thus, injury in fact.
I note one additional point. The majority posits that Altaire's injury is compounded by the likelihood that, if it does not challenge the Board's decision before us, it could be estopped from arguing that the '623 patent would have been obvious over Altaire's Lots #11578 and #11581. Majority Op. at 1283-84. The majority states, "Although we do not decide whether this potential estoppel effect is sufficient independently to establish standing, the estoppel effect in this case further supports Altaire's claimed injury in fact."
*1291 Id. at 1283. I do not agree that concerns of estoppel can help carry the day for Altaire. Estoppel " 'does not constitute an injury in fact' when ... the appellant 'is not engaged in any activity that would give rise to a possible infringement suit,' " Phigenix, Inc. v. Immunogen, Inc. , 845 F.3d 1168, 1175-76 (Fed. Cir. 2017) (quoting Consumer Watchdog , 753 F.3d at 1262 ). Here, Altaire currently is under contract through May of 2021 to manufacture, and supply Paragon with, phenylephrine hydrochloride products. See J.A. 1909-10. Thus, the Agreement prevents Altaire's activities from constituting infringement until it ends by its own terms in 2021, unless Paragon prevails in the breach of contract dispute, is given the right to terminate the Agreement, and actually terminates it. In short, currently Altaire is not engaged in any activity that would give rise to a possible infringement suit.
CONCLUSION
Based upon the foregoing, I believe that Altaire has failed to demonstrate that it has suffered an injury in fact. In my view, it thus has failed to carry its burden of establishing that it has standing. Accordingly, I would dismiss its appeal. I therefore respectfully dissent.

Neither Altaire nor the majority points to the inventorship suit as a factor to be considered in the standing analysis.