NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KOKI HOLDINGS AMERICA LTD.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**KYOCERA SENCO INDUSTRIAL TOOLS INC.,**
*Intervenor*

---

2022-2006

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-1082.

---

Decided:  August 28, 2024

---

AMOL A. PARIKH, McDermott Will & Emery, Chicago, IL, argued for appellant.  Also represented by PAUL DEVINSKY, ALEXANDER OTT, JAY REIZISS, Washington, DC.

BENJAMIN S. RICHARDS, Office of the General Counsel, United States International Trade Commission, Washington, DC, argued for appellee.  Also represented by DOMINIC L. BIANCHI, WAYNE W. HERRINGTON, PANYIN HUGHES,

HOUDA MORAD, SIDNEY A. ROSENZWEIG.

DANIEL SHULMAN, Vedder Price PC, Chicago, IL, argued for intervenor. Also represented by JOHN K. BURKE, ROBERT STEPHAN RIGG.

───────────────

Before MOORE, *Chief Judge*, CUNNINGHAM, *Circuit Judge*, and MAZZANT, *District Judge*.[1]

MOORE, *Chief Judge*.

Koki Holdings America Ltd. (Koki) appeals the decision of the United States International Trade Commission (Commission) terminating its investigation based on the withdrawal of the complaint by the complainant, Kyocera Senco Industrial Tools Inc. (Kyocera). Because Koki has failed to establish an injury in fact sufficient to confer standing to appeal, we dismiss.

## BACKGROUND

In 2017, Kyocera filed a complaint with the Commission alleging Koki was violating 19 U.S.C. § 1337 (Section 337) by importing gas spring nailer products that infringe, or were made using methods that infringe, certain claims across five Kyocera patents. The Commission instituted an investigation to determine whether Koki was violating Section 337. *In re Certain Gas Spring Nailer Prods. & Components Thereof*, 82 Fed. Reg. 55118–19 (Nov. 20, 2017). In March 2020, the Commission found a violation of Section 337 based on infringement of the asserted claims of one patent. The Commission issued an exclusion order prohibiting the entry of the infringing products and a cease and desist order prohibiting certain conduct ancillary to the

───────────────

[1] Honorable Amos L. Mazzant, III, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

importation of the infringing products. J.A. 331–34. Both parties appealed the determination.

While the appeal was pending, Koki requested a ruling that the redesigned version of its products do not infringe. In June 2020, United States Customs and Border Protection (Customs) found the redesigned products do not infringe and allowed them entry into the United States. J.A. 4107–08. Kyocera disagreed with the determination and sought a decision from the Commission. The Commission instituted a modification proceeding on the redesigned products[2] and reached the same conclusion as Customs. J.A. 480–81. Kyocera did not appeal that determination.

In January 2022, we vacated and remanded the Commission's March 2020 determination on the original products. *Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, 22 F.4th 1369 (Fed. Cir. 2022). We reversed two claim constructions and concluded the Commission's Administrative Law Judge (ALJ) abused his discretion by admitting unqualified expert testimony for issues analyzed through the lens of an ordinarily skilled artisan. *Id.* at 1377–78, 1380–83.

On remand, the Commission sought briefing from the parties to determine the appropriate proceedings in view of the vacatur and remand. The parties agreed the Commission's remedial orders had to be rescinded. Kyocera voluntarily moved to terminate the investigation by withdrawing its complaint. J.A. 498–503, 505–08. Koki argued the Commission should continue proceedings to

---

[2]    Koki petitioned this court for mandamus, arguing the Commission lacked authority to institute a modification proceeding over the redesigned products. *In re Koki Holdings Am. Ltd.*, 830 F. App'x 320 (Fed. Cir. Nov. 25, 2020). We denied the petition for mandamus. *Id.* at 322–23.

make findings of noninfringement based on the record.
J.A. 512–17.  Koki opposed Kyocera's motion to terminate
the proceedings.  J.A. 529–32.  The Commission granted
Kyocera's motion to terminate based on the withdrawal of
the complaint.  J.A. 1–3.

Koki appeals, challenging the Commission's statutory
authority to terminate the investigation without determin-
ing whether there was a violation of Section 337.

## DISCUSSION

Article III of the U.S. Constitution limits our jurisdic-
tion to "Cases" or "Controversies."  U.S. Const. art. III, § 2,
cl. 1.  To establish a case or controversy, a party invoking
federal jurisdiction must meet "the irreducible constitu-
tional minimum of standing."  *Lujan v. Defs. of Wildlife*,
504 U.S. 555, 560 (1992).  An appellant must have "(1) suf-
fered an injury in fact, (2) that is fairly traceable to the
challenged conduct of the defendant, and (3) that is likely
to be redressed by a favorable judicial decision."  *Spokeo,
Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To establish injury
in fact, an appellant must show it has "suffered 'an inva-
sion of a legally protected interest' that is 'concrete and par-
ticularized' and 'actual or imminent, not conjectural or
hypothetical.'"  *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560).

"Article III standing is not necessarily a requirement
to appeal before an administrative agency."  *Consumer
Watchdog v. Wis. Alumni Rsch. Found.*, 753 F.3d 1258,
1261 (Fed. Cir. 2014).  "[A]n appellant must nevertheless
supply the requisite proof of an injury in fact when it seeks
review of an agency's final action in federal court."  *Phige-
nix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1171–72 (Fed.
Cir. 2017).  As the party seeking judicial review, Koki bears
the burden of establishing standing.  *Id.* at 1171.

Koki asserts it has standing to appeal because of the
alleged harm caused by the Commission's decision termi-
nating the investigation.  Appellant Br. 6.  Specifically,

Koki argues it suffered an injury in fact when the Commission did not reach a determination on whether Koki violated Section 337.  Appellant Br. 9–10.  Koki contends a determination would have had preclusive effect in future investigations at the Commission.  Without a preclusive determination, Koki argues Kyocera is free to seek, and the Commission is free to institute, a second investigation based on the same allegations.

Koki's alleged injury is based on its concerns of a future litigation.  But these concerns are unfounded.  In an email exchange between the parties, Kyocera expressly stated: "Kyocera Senco reserves the right to bring a further ITC action against **future** products that Koki may attempt to import, but is not now, or ever, going to bring an action in the ITC again on either the original products accused in 337-TA-1082 or the modified tools that were subject of the modification proceeding."  Commission Reply Brief in support of its Motion to Dismiss, Dkt. No. 16, Ex. 1 (emphasis original).  Kyocera characterizes this representation as a covenant not to sue.  Intervenor Br. 5–7.  Kyocera reiterated its covenant not to sue in an email to Koki after the opening brief was filed and in its intervenor brief.  J.A. 4110; Intervenor Br. at 5–7, 21–24.

At oral argument, Koki suggested the covenant is ambiguous as to whether it covers the original product or the original product design.  Oral Arg. at 1:45–2:35, *available at* https://oralarguments.cafc.uscourts.gov/default.aspx?fl= 22-2006_07092024.mp3.   Referencing the parties' prior email exchange, Koki explained that it understood the covenant to only cover prior shipments of the original products, but not ongoing or future shipments of the original products.  *Id.* at 4:16–5:53 (citing J.A. 4109 ("[W]e understand you to be saying that Kyocera does not plan to file a Section 337 complaint premised on prior shipments of the original products, but reserves the right to file a Section 337 complaint premised on ongoing and future shipments of the original products.")).  In response, Kyocera

made clear that its covenant covers any new shipments of products with the original product design. Oral Arg. at 19:33–21:01. Kyocera reserved the right to enforce its patents for any future products that are different from the original product design. *Id.*

Kyocera made a clear, unequivocal statement that it will not sue Koki for its original or modified products, which divests us of jurisdiction. *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) ("The covenant [not to sue] therefore extinguished any current or future case or controversy between the parties, and divested the [federal] court of subject matter jurisdiction."). Kyocera's covenant not to sue renders moot any controversy between the parties. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 100 (2013) (holding trademark holder's covenant not to sue the alleged infringer defeated declaratory judgment jurisdiction). The threat of future litigation for the original or modified products no longer exists, and thus there is no case or controversy between the parties with respect to the Commission's investigation.

Koki did not otherwise submit any evidence to demonstrate an injury in fact. We therefore conclude Koki has failed to meet its burden to establish standing.

## CONCLUSION

For these reasons, we conclude Koki has failed to establish an injury in fact sufficient to confer Article III standing. We dismiss the appeal.

## **DISMISSED**

### COSTS

No costs.