NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MICHEL J. MESSIER,**
*Appellant*

**v.**

**NEW ORLEANS LOUISIANA SAINTS, LLC,**
*Appellee*

_____

2024-2271

_____

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 92083143.

_____

Decided:  April 14, 2025

_____

MICHEL J. MESSIER, Rutland, VT, pro se.

JULIE S. GOLDEMBERG, Morgan, Lewis & Bockius LLP, Philadelphia, PA, for appellee.

_____

Before MOORE, *Chief Judge*, PROST and STARK, *Circuit Judges*.

PER CURIAM.

Michel Messier appeals the decision of the Trademark Trial and Appeal Board ("Board") dismissing his petition to cancel the registered fleur-de-lis design mark of the New Orleans Louisiana Saints, LLC ("Saints"). Because Mr. Messier lacks standing to bring this appeal, we dismiss.

I

The Saints are a professional American football team based in New Orleans, Louisiana. The Saints entered the National Football League in 1967 and have, continuously since that time, used a fleur-de-lis service mark. In 1974, the U.S. Patent and Trademark Office ("Trademark Office") granted the Saints Registration No. 992,210, a stylized fleur-de-lis symbol for use in connection with "entertainment services in the form of professional football games and exhibitions." S.A. 574.[1]

In August 2023, Mr. Messier filed a petition for cancellation of the Saints No. 992,210 fleur-de-lis service mark ("Saints Mark"). In his petition, Mr. Messier asserted that he is a "direct descendant of the Kings of France (Scotland, Aragon, and Castille)" and that he and his family own "intellectual property rights to the Fleur de Lys, Orleans and Saints marks." S.A. 20. Mr. Messier's petition contains no claim that he or his family currently use any fleur-de-lis

---

[1]    "S.A." refers to the Supplemental Appendix filed by the Saints, ECF No. 17.

The Saints own other registered marks, including Registration Nos. 844,767 ("New Orleans Saints"), 850,006 ("Saints"), 1,079,540 ("Saints"), and 992,219 (fleur-de-lis). Although Mr. Messier petitioned for cancellation of some of these other marks, the Board instituted a proceeding only with respect to No. 992,210, which is the only mark at issue in this appeal.

marks in commerce or receive any revenues, for instance through licensing, in connection with any mark.

In January 2024, the Board granted the Saints' motion to dismiss Mr. Messier's cancellation petition. The Board agreed with the Saints that, in order to maintain a cancellation action pursuant to Sections 13 and 14 of the Trademark Act, 15 U.S.C. §§ 1063, 1064, Mr. Messier needed to allege a commercial interest in the registered mark or a reasonable belief in damage from the mark's continued registration, which he had failed to do. The Board granted Mr. Messier leave to file an amended petition, which he did in February 2024. In June 2024, the Board granted the Saints' renewed motion to dismiss, agreeing with the Saints that the amended petition did not correct the defects it had identified in the original petition. In particular, the Board concluded that the amended petition failed to "allege any commercial interests in the mark, or that [Mr. Messier] owns or conducts any business under the mark, and thus he cannot allege entitlement" to seek to cancel the Saints Mark. S.A. 5. Accordingly, the Board dismissed Mr. Messier's amended cancellation petition with prejudice.

Mr. Messier timely appealed. Our jurisdiction over the appeal arises from 28 U.S.C. § 1295(a)(4)(B), although we conclude, as explained below, that we lack jurisdiction due to Mr. Messier's lack of standing.

## II

"[A]lthough Article III standing is not necessarily a requirement to appear before an administrative agency, once a party seeks review in a federal court, the constitutional requirement that it have standing kicks in." *Consumer Watchdog v. Wis. Alumni Rsch. Found.*, 753 F.3d 1258, 1261 (Fed. Cir. 2014) (cleaned up). Mr. Messier, as the party seeking appellate review, has the burden to show he has Article III standing. *See Brooklyn Brewery Corp. v. Brooklyn Brew Shop*, 17 F.4th 129, 138 (Fed. Cir. 2021).

In particular, Mr. Messier must demonstrate "(1) an actual or imminent injury-in-fact that is concrete and particularized; (2) a causal connection between the injury and the conduct complained of; and (3) likely redressability by a favorable decision." *Starr Int'l Co. v. United States*, 856 F.3d 953, 964 (Fed. Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)) (cleaned up).

Mr. Messier has failed to meet his burden, at least because he has failed to allege he is injured by the Saints Mark. To satisfy the injury requirement for Article III standing, the alleged injury "must be more than a general grievance or abstract harm." *Consumer Watchdog*, 753 F.3d at 1261 (internal citations omitted). In seeking specifically to cancel the Saints Mark, Mr. Messier "must demonstrate a concrete and particularized risk of interference with the rights that flow to [him] from registration of [his] own mark, or some other Article III injury." *Brooklyn Brewery,* 17 F.4th at 138-39. This might be shown, for example, by alleging that Mr. Messier and the Saints "compete in the same line of business and failure to cancel" the Saints mark "would be likely to cause" Mr. Messier "competitive injury." *Id.* at 139.

The amended petition is devoid of such allegations. Mr. Messier has not alleged that he or his family make, offer for sale, or sell any products or services using a fleur-de-lis design. Nor has he alleged that he is, in any manner, involved in commercial "entertainment services," in connection with football or any other form of commerce where he uses a fleur-de-lis design. Thus, Mr. Messier has failed to "identify any alleged injury aside from the Board denying . . . the particular outcome . . . desired," the cancellation of the Saints Mark, which "is insufficient to confer standing." *Consumer Watchdog*, 753 F.3d at 1261.

Given Mr. Messier's omissions, even if we take as true what he does allege, whether in his amended petition (as we must) or his briefs (which we are not required to do), he

has not met his burden to show a concrete and particularized injury sufficient to have standing to press this appeal. His references to the Saints Mark being confusingly similar to his family's private use of fleur-de-lis designs, now and for several centuries, S.A. 231-32, 240-389; or the "SAINT Louis Cathedral's home [in] New Orleans, Louisiana" and its gift shop that "sells fleur de Lis adorned goods to preserve the Cathedral," S.A. 215, 230; and his speculation that in the future he may license fleur-de-lis marks, S.A. 20, are, at best, allegations of "hypothetical" or "future possible injury," which are insufficient to confer Article III standing. *Brooklyn Brewery*, 17 F.4th at 139.

As Mr. Messier does not have standing, we lack jurisdiction to consider the merits of his appeal. Accordingly, we dismiss.

**DISMISSED**

COSTS

The parties shall each bear their own costs.